UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA D. GARCIA, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No.  SA-25-CA-01330-XR |
| | § | |
| HSBC   BANK   USA,   NATIONAL | § | |
| ASSOCIATION,   AS   TRUSTEE   FOR | § | |
| DEUTSCHE ALT-A SECURITIES, INC., | § | |
| MORTGAGE           PASS-THROUGH | § | |
| CERTIFICATES    SERIES    2006-AR5, | § | |
| NEWREZ LLC, | § | |
| *Defendants* | § | |

## ORDER DENYING MOTION TO REMAND

On this date, the Court considered Plaintiff Maria D. Garcia's Motion to Remand to State

Court (ECF No. 8).  After careful consideration, the Motin is **DENIED.**

## BACKGROUND[1]

Plaintiff Maria D. Garcia, together with Abraham Gonzalez, purchased the Property at

issue in this suit in 2015.  ECF No. 1-2 at 5.[2]  To do so, they took a loan from the prior owner,

Mercedes Beatriz Aspiazu.  *Id.*  Aspiazu, in turn, had an outstanding mortgage on the property,

which she had taken out in 2006.  *Id.* at 6.  Garcia purchased the property subject to the 2006

mortgage, *id.* at 5, which has since been assigned to Defendant HSBC Bank.  *Id.*  at 6.  Defendant

NewRez LLC, also known as Shellpoint Mortgage Servicing, is the mortgage servicer.  *Id.*

Aspiazu died in 2015, and Garcia alleges that Aspiazu's estate is now the proper debtor for the

---

[1] These facts are taken from the Original Petition and are assumed to be true for purposes of this Order.

[2] In this Order, citations to the record use the page numbers generated by CM/ECF, which do not always align with those printed on the underlying documents.

2006 mortgage. *Id.* at 7. Defendants seek to foreclose on the Property under the 2006 deed of trust. *Id.* at 5.

Garcia sued in state court to enjoin the foreclosure, arguing that Defendants did not provide proper notice thereof. *See* ECF No. 1-2. Defendants removed to this Court, claiming diversity jurisdiction. ECF No. 1. Garcia moved to remand, arguing that the amount in controversy in this suit is the unpaid balance on the 2006 deed of trust, which is $15,967.15. ECF No. 8. Defendants filed a Response, arguing that the amount in controversy is the appraised value of the Property, which is over the $75,000 threshold for diversity jurisdiction.

## DISCUSSION

### I.    Legal Standard

Federal district courts have original jurisdiction "over two general types of cases: cases that arise under federal law . . . and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (citing to 28 U.S.C. §§ 1331 and 1332(a)). The former is known as "federal-question jurisdiction" and the latter as "diversity jurisdiction." Any civil action of these types that is brought in state court "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

On a motion to remand, a court must consider whether removal to federal court was proper. Removal is proper in any "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). It follows, then, that the removing party has the

burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

The amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *St. Paul Reins. Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998); *De Aguilar,* 47 F.3d 1404 at 1408. Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995). Where it is facially apparent that the amount in controversy likely exceeds $75,000, remand is not warranted unless the plaintiff establishes "to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). When a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Greenberg*, 134 F.3d 1250 at 1253.

The removal statute is strictly construed in favor of remand. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). The Court must resolve "all factual allegations," "all contested issues of substantive fact," and "all ambiguities in the controlling state law" in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). In other words, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

The court must evaluate the removing party's right to remove "according to the plaintiffs' pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("The

jurisdictional facts that support removal must be judged at the time of the removal."); *Martinez v. Pfizer Inc.*, 388 F. Supp. 3d 748, 761 (W.D. Tex. 2019) ("because jurisdiction is fixed at the time of removal, the jurisdictional facts supporting removal are examined as of the time of removal").

Once diversity jurisdiction is established, "subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction." *Gebbia*, 233 F.3d at 883 (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 289-90). Post-removal affidavits, stipulations, and amendments reducing the claim below the requisite "do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury Indem. Co.*, 303 U.S. at 293.

## II.    Analysis

The parties do not dispute diversity of citizenship in this case. Instead, they dispute the proper measure of the amount in controversy. "In actions seeking declaratory or injunctive relief, . . . the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Morales v. Wells Fargo Bank, N.A.*, No. SA-13-CA-410-XR, 2013 WL 12131237, at *2 (W.D. Tex. July 24, 2013) (quoting *Waller v. Pro. Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961)). "The Fifth Circuit has interpreted [this principle] to apply to cases involving property foreclosures." *Id.* (citing *Nationstar Mortg. LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009)). That makes sense, because if foreclosure proceeds "Plaintiff could be divested of all right, title, and interest to the Property." *Berry v. Chase Home Fin., LLC*, No. CIV.A. C-09-116, 2009 WL 2868224, at *3 (S.D. Tex. Aug. 27, 2009). "As such, . . . the value of declaratory and injunctive

4

relief to plaintiffs in suits seeking to set aside or prevent foreclosure is the current appraised fair market value of the property." *Morales*, 2013 WL 12131237, at *2 (collecting cases).

"This Court has previously relied on county tax assessors' appraisals to determine the value of property in similar cases." *Id.* at *3 (citing *Zavala v. M & T Tr. Co.*, No. SA-11-CV-956-XR, 2011 WL 6739614, at *2 (W.D. Tex. Dec. 22, 2011). The Bexar County Central Appraisal District has assessed the Property at $179,990, ECF No. 1-7, which of course exceeds the $75,000 amount-in-controversy threshold for diversity jurisdiction.

Garcia also briefly argues that Defendants waived their right to remove by (1) failing to remove an earlier state-court lawsuit against Aspiazu's widower involving similar claims and (2) stating in their state-court Answer that they are entitled to offsets against any damages "for, among other things, the use and occupation of the" Property. ECF No. 8 at 12.

> Waiver, in our circuit, is no casual affair. A defendant's intent to remain in state court must be be [sic] clear and unequivocal, and the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits. In practical terms, waiver occurs only when a defendant has invoked the jurisdiction of the state court in resolving the issues presented by the original complaint.

*Abraham Watkins Nichols Agosto Aziz & Stogner v. Festeryga*, 155 F.4th 456, 460 (5th Cir. 2025) (cleaned up). "[M]oving to transfer venue, seeking a confidentiality order, and filing special exceptions—even together—does not amount to waiver." *Id.* Defendants' simply asserting in an Answer that, if damages are awarded, they are entitled to offsets is not "proceeding to adjudication on the merits" and does not "invoke[] the jurisdiction of the state court in resolving the issues presented by the original complaint." So it is not waiver.

As to the related lawsuit, "[a] defendant's conduct in a prior lawsuit has no bearing on the removability of a later suit." *Hingst v. Providian Nat. Bank*, 124 F. Supp. 2d 449, 452 (S.D. Tex. 2000).

## CONCLUSION

For the foregoing reasons, Garcia's Motion to Remand to State Court (ECF No. 8) is **DENIED.**

It is so **ORDERED**.

**SIGNED** this 5th day of December, 2025.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE